UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

**MARTIN J. WALSH,** Secretary of Labor, )
United States Department of Labor, )
)
                Petitioner, )   Case No.: 22CV958
    v. )
)   Judge:
**TGM FABRICATORS, INC.**, an Illinois )
corporation, )

---

### SECRETARY OF LABOR'S PETITION TO ENFORCE
### ADMINISTRATIVE *SUBPOENA DUCES TECUM*

Petitioner **MARTIN J. WALSH,** Secretary of Labor, United States Department of Labor ("Secretary"), through the undersigned counsel and pursuant to Section 9 of the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201, *et seq.,* ("FLSA" or "Act"), applies to this Court for an Order requiring Respondent **TGM FABRICATORS, INC.,** an Illinois corporation, ("Respondent") to show cause, if any, why it failed to appear and produce the records, papers, and documents requested as set forth in the subpoenas *duces tecum* issued by the Regional Administrator, Wage and Hour Division, United States Department of Labor, and duly served upon Respondent.

## I

Jurisdiction to issue the Order requested herein is conferred upon this Court by Section 9 of the Act, 29 U.S.C. § 209, and by Sections 9 and 10 of the Federal Trade Commission Act of 1914, as amended (15 U.S.C. §§ 49, 50) ("FTC Act").

II

Section 11 of the FLSA authorizes the Secretary to investigate and gather data regarding "conditions and practices of employment in any industry subject to this Act ... as necessary or appropriate to determine whether any person has violated any provision of this Act, or which may aid in the enforcement of the provisions of this Act." 29 U.S.C. § 211. Section 9 of the FLSA further provides that sections 9 and 10 of the FTC Act (15 U.S.C. §§ 49, 50), relating to the production of documents, *inter alia,* are applicable to the Secretary for purposes of investigations under the FLSA. 29 U.S.C. § 209. Section 9 of the FTC Act provides authorized agents shall have access to documentary evidence of "any person, partnership, or corporation being investigated or proceeded against; and the Commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation." 15 U.S.C. § 49.

III

A.  Since October 15, 2018, Michael Lazzeri has been the Regional Administrator of the Midwest Regional Office of the Wage and Hour Division, United States Department of Labor ("Regional Administrator Lazzeri"), who, among others, has been delegated the authority by the Secretary to issue administrative subpoenas under the Act. Secretary's Order 01-2014, § 5(C), 79 Fed. Reg. 77527, 77528 (Dec. 19, 2014).

B.  Fernando D. Hernandez is an Assistant District Director of the Chicago District Office of the Wage and Hour Division, United States Department of Labor ("Assistant District Director Hernandez").

C.  Thomas Gauza is the District Director of the Chicago District Office of the Wage and Hour Division, United States Department of Labor ("District Director Gauza").

## IV

TGM Fabricators, Inc., at all times referred to herein, is and was a corporation with an office and a place of business at 57 E. 24th Street, Chicago Heights, Illinois 60411, within the jurisdiction of this Court.

## V

In order to conduct a thorough investigation into the wages, hours, and other conditions and practices of employment, pursuant to section 11 of the FLSA, Wage and Hour investigators regularly review, copy and/or transcribe information from employers' records including, but not limited to, payroll records and records of hours worked; question and interview employees; and collect and review other relevant data relating to compliance by employers under the Act.

## VI

On September 15, 2021, pursuant to the power vested in him as Regional Administrator of the Wage and Hour Division, United States Department of Labor, Michael Lazzeri signed and issued a subpoena *duces tecum* requiring Respondent TGM Fabricators, Inc. to contact District Director Thomas Gauza on or before September 30, 2021, to arrange for an in-person delivery of designated books, papers, and other documents as listed on Attachment #1 to the subpoena *duces tecum,* concerning matters within the scope of an investigation being conducted pursuant to the FLSA, 29 U.S.C. § 211. *See* subpoena *duces tecum* and accompanying Attachment #1 attached to the *Memorandum in Support of the Secretary of Labor's Petition for Enforcement of Administrative Subpoena Duces Tecum* ("Secretary's Memorandum in Support") as Exhibit A and A-l.

## VII

On September 16, 2021, Wage and Hour Assistant Area Director Fernando Hernandez served the aforementioned subpoena, by hand delivering duplicate originals to Lisa Batuso, Respondent's owner at the business location. A Return of Service Affidavit was prepared, and was served. *See* Return of Service Affidavit, attached to the Secretary's Memorandum in Support, as Ex. B.

## VIII

To date, Respondent has not produced any documents responsive to the subpoena. The subpoena seeks documents dating from August 4, 2019 through the date of production, including but not limited to ownership identification and interest, business structure and corporate filings; tax records; employee identification, time sheet and payroll records; documents pertaining to the employer policies and procedures related to compensation to all workers; employee contracts; employee contact information; and records of tips paid to employees and tip credits taken by the employer by Respondent Corporation. To date, Respondent has not provided any records. *See* Declaration of Wage and Hour Investigator Edith Cardenas Michmerhuizen, attached to the Secretary's Memorandum in Support, as Ex. C. Respondent has failed to respond to the requests for documents sought in the Secretary's subpoena *duces tecum,* and this failure has impeded and continues to impede the Secretary's lawful investigation under the provisions of section 11 of the FLSA.

## PRAYER FOR RELIEF

**WHEREFORE,** the Secretary respectfully requests this Court:

A. Issue an Order requiring Respondent to fully comply with the Secretary's subpoena *duces tecum* within 10 days of the date of the Order or show cause, if any, for its failure to comply with and obey the Secretary's subpoena *duces tecum;*

B. Issue an Order requiring the U.S. Marshals Service to effect service upon Respondent;

C. Issue an Order tolling the statute of limitations from September 30, 2021, the date Respondent first failed to comply with the Secretary's subpoena *duces tecum,* until such date as the Secretary informs the Court that Respondent has complied in full;

D. Issue an Order directing Respondent to pay all costs and expenses incurred by the Secretary in this matter; and

E. For such other just and further relief as may be necessary and appropriate.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/Emelda Medrano
**EMELDA MEDRANO**
Attorney
Attorneys for the Secretary

**P.O. Address:**
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Suite 844
Chicago, IL 60604
Telephone: (312) 353-1169
Fax: (312) 353-5698
E-mail: medrano.emelda@dol.gov

5

**ORDERED** that within ten days of service of this Order and the Petition and supporting Memorandum and Exhibits, Respondents show cause, if any, for their failure to comply with and obey the administrative subpoena *duces tecum,* or comply in full with the Subpoena, and

**FURTHER ORDERED** that the U.S. Marshals Service serve a copy of this Order, together with a copy of the Petition, supporting Memorandum and Exhibits, upon Respondent, **TGM FABRICATORS, INC.,** within 14 days of this Order;

**FURTHER ORDERED** that the statute of limitations set forth at Section 6 of the Portal-to-Portal Act, 29 U.S.C. § 255, is hereby tolled from September 30, 2021, the date Respondent first failed to comply with the Secretary's subpoena *duces tecum,* until such date as the Secretary informs the Court that Respondents have complied in full.

DATED: _____, 2022.

_____
JUDGE, UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

2