**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| **MARTIN J. WALSH,** Secretary of Labor, | ) | |
| United States Department of Labor, | ) | |
| | ) | |
| Petitioner, | ) | Case No.: 22CV958 |
| v. | ) | |
| | ) | Judge: |
| **TGM FABRICATORS, INC.,** an Illinois | ) | |
| corporation, | ) | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**MEMORANDUM IN SUPPORT OF THE SECRETARY OF LABOR'S PETITION**
**FOR ENFORCEMENT OF ADMINISTRATIVE SUBPOENA DUCES TECUM**

Petitioner **Martin J. Walsh,** Secretary of Labor, United States Department of Labor ("Secretary" or "Department"), through the undersigned counsel, submits this *Memorandum in Support of the Secretary of Labor's Petition for Enforcement of Administrative Subpoena Duces Tecum* duly served on Respondent **TGM FABRICATORS, INC.,** an Illinois corporation, ("Respondent"). Copies of the Subpoena and Return of Service are attached hereto as Exhibits A, and B, respectively.

Respondent has failed to respond to the document requests made by the U.S. Department of Labor's Wage and Hour Division ("WHD"), despite the issuance of a subpoena pursuant to the WHD's investigation of Respondent. Accordingly, the Secretary seeks enforcement of the issued subpoena through an Order from this Court.

The Department's subpoena is authorized by sections 9 and 1l(a) of the Fair Labor

Standards Act of 1938, as Amended, 29 U.S.C. § 201, *et seq.* ("FLSA"). The Department's subpoena satisfies the applicable criteria established by the Supreme Court and applied by the Seventh Circuit for a valid and enforceable administrative subpoena. First, the WHD's inquiry is within the authority of the agency. Second, the information sought is reasonably relevant to the investigation. Finally, the documents requested are specifically defined in the subpoena attachment. This Court has the authority to enforce this subpoena, and the Secretary seeks enforcement of the subpoena through an order from this Court requiring full compliance with the Secretary's subpoena.

## STATEMENT OF FACTS

On July 7, 2021, the WHD initiated an investigation of the employment and pay practices of Respondent's metal fabricating business located at 57 E 24th Street, Chicago Heights, IL 60411. Ex. C at 2. Also on July 14, 2021, Wage and Hour Investigator Edith Cardenas Michmerhuizen ("WHI Cardenas") was assigned to conduct an investigation of Respondent's business in regard to its compliance with federal wage and hour laws. *Ex. C at 3.*

On July 19, 2021, WHI Cardenas sent Respondent an appointment letter scheduling a telephone conference to explain the compliance review process. *Ex. C at 4.* The appointment letter set forth a list of documents requested from Respondent for review by Wage and Hour. This compliance review letter outlined the Wage and Hour Division's investigation and identified documents necessary to determine compliance with the FLSA. A copy of the appointment letter is attached hereto as Exhibit D.

On August 5, 2021, WHI Cardenas contacted Lisa Batuso, who identified herself as Respondent's owner. *Ex. C at 5.* WHI Cardenas referred to Fact Sheet 44 and indicated

there was a link to it on the FLSA appointment letter, which had been sent on July 19, 2021. WHI Cardenas followed up with telephone calls to Ms. Batuso on August 12 and August 21, 2021, but was only able to leave voicemail messages, which were never returned. *Ex. C at 6.*

On August 23, 2021, Wage and Hour ("WH") sent Respondent a compliance letter, attached hereto as *Exhibit E*, outlining the records still sought related to the investigation. *Ex. C at 7.* The compliance letter requested the records within 72 hours. *Exhibit E.* Respondent did not provide the records the letter requested within 72 hours. *Ex. C at 8.*

From late-August to early-October, WHI Cardenas called Ms. Batuso and left voicemails for her to call back, but her calls were never returned. *Ex. C at 9.*

On September 15, 2021, the WHD issued an administrative subpoena *duces tecum* upon Respondent. See attached *Exhibits A and A-1*. The subpoena sought production of documents, including but not limited to: (1) documents identifying officers and directors of Respondent Corporation, (2) time cards and other records of hours worked; (3) Internal Revenue Service W-2 forms and 1099 Forms distributed by Respondent Corporation; (4) documents reflecting the rate of pay for each worker; (5) documents related to tips received by workers and tip credits taken by Respondent; and (6) documents related to any contracts or agreements between Respondent and workers it considers to be independent contractors. The subpoena covers an approximately two-year time span, from April 4, 2019, through the date of production. *Ex. A and A-1.* The subpoena demanded Respondent produce documents by September 30, 2021.

On September 16, 2021, WH Assistant Area Director Fernando Hernandez (ADD Hernandez) traveled to Respondent's establishment and served the subpoena on Ms. Batuso. *Ex. C at 11.* Ms. Batuso identified herself as the owner of Respondent to ADD Hernandez and

promised to provide the requested documents prior to the subpoena deadline of September 30, 2021. *Id.*

In the months following, WHI Cardenas left voicemail messages for Ms. Batuso and none were returned. *Ex. C at 6 and 9.*

Although the subpoena was served on September 16, 2021, WHI Cardenas has not heard from nor received responsive documents from Respondent. *Ex. C at 12.*

## ARGUMENT

I.  **The Secretary of Labor Is Authorized by Statute to Issue Subpoenas in Order to Investigate Compliance with the FLSA and May Enforce Such Subpoenas in Federal Court.**

In support of the Secretary's enforcement duties, the FLSA grants the Secretary subpoena power, providing:

> For the purpose of any hearing or investigation provided for in this chapter, the provisions of section 49 and 50 of title 15 (relating to the attendance of witnesses and the production of books, papers and documents), are made applicable to the jurisdiction, powers, and duties of the Administrator, the Secretary of Labor, and the industry committees.

29 U.S.C. § 209.[1] Subpoenas issued under the FLSA are enforceable in federal court. *See* 15 U.S.C. § 49 (providing if the subject of an agency subpoena disobeys that subpoena, the agency "may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence"); *see also Donovan v. Mehlenbacher,* 652 F.2d 228, 230 (2d Cir. 1981) ("[T]he Department of Labor clearly has the power to issue subpoenas in the course of an investigation conducted under statutory authority, and to have those subpoenas enforced by federal courts." *(citing Okla. Press*

*Publ'g Co. v. Walling,* 327 U.S. 186, 200-01 (1946))). "In general, an administrative agency's subpoena meets the requirements for enforcement if (1) the inquiry is within the authority of the agency, (2) the demand is not too indefinite, and (3) the information sought is reasonably relevant to the investigation." *Chao v. Local 743, Int'l Bhd. of Teamsters, AFL-CIO,* 467 F.3d 1014, 1017 (7th Cir. 2006) *(citing UnitedStates v. Morton Salt Co.,* 338 U.S. 632, 653 (1950); *E.E.O.C. v. Quad/ Graphics, Inc.,* 63 F.3d 642, 645 (7th Cir. 1995)). "An administrative agency's subpoena power is intended to permit the agency to 'investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not.'" *Id. (quoting Morton Salt Co.,* 338 U.S. at 642-43) "[A] district court's decision to enforce an agency subpoena generally is reviewed deferentially." *E.E.O.C.,* 63 F.3d at 645 *(quoting Dow Chemical Co. v. Allen,* 672 F.2d 1262, 1267 (7th Cir. 1982)). "Affidavits of government officials have been accepted as sufficient to make out prima facie showing that these requirements are satisfied." *United States v. Comley,* 890 F.2d 539, 541 (1st Cir. 1989). As explained below, the Secretary's Subpoena *Duces Tecum* satisfies all of the requirements for enforcement.

---

[1] The Federal Trade Commission Act, 15 U.S.C. § 49, provides in pertinent part:

> [T]he Commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation. . . . [I]n case of disobedience to a subpoena the Commission may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence.

### A.      The Inquiry Is Within the Authority of the Agency.

The subpoena was issued in furtherance of the Secretary's investigation into Respondent's compliance with the FLSA. The FLSA grants the Secretary broad investigatory powers to determine compliance with its provisions. Section 11(a) gives the Secretary or his designee, the WHD, authority to investigate and gather data regarding "wages, hours, and other conditions and practices of employment in any industry subject to this Act." 29 U.S.C. § 21l(a).

It also empowers the Secretary to enter and inspect such places and records as he may deem appropriate to determine whether any person has violated the Act. *Id.* Section 11(c) of the FLSA further requires employers to make, keep and preserve certain records as prescribed by the Secretary. 29 U.S.C. § 211(c). Pursuant to this mandate, the Department of Labor has issued regulations under the FLSA requiring employers subject to the FLSA to keep records of employees' names and contact information, hours worked each workday and total hours worked each workweek, total daily or weekly straight-time and overtime earnings, total wages paid each period, the date of payment and the pay period covered by the payment, among other items. *See* 29 C.F.R. § 516.2 (2016).

Here, the Secretary plainly acts pursuant to the investigative authority described above. The purpose of the subpoena and the investigation into Respondent's business is to determine whether Respondent and any other person or entity acting as an employer are in compliance with the minimum wage, overtime and recordkeeping provisions of the FLSA. A showing of probable cause, or even reasonable cause, of violations is not necessary for documents to be within an agency's subpoena power. *See Morton Salt Co.,*

338 U.S. at 642-43. In sum, the WHD is statutorily empowered to determine whether Respondent is and has been in compliance with the FLSA.

**B.    The Information Sought Is Reasonably Relevant To The Investigation.**

The subpoena at issue properly requests records directly relevant to the WHD's investigation into the employment practices of Respondent. Relevance in enforcement proceedings must be construed broadly. *Doe v. United States,* 253 F.3d 256, 266 (6th Cir. 2001). Records are reasonably relevant if the information is relevant to any inquiry the Secretary is authorized to undertake. *See Dole v. Trinity Industries, Inc.,* 904 F.2d 867, 874 (3d Cir. 1990). "The district court defers to 'the agency's appraisal of relevancy, which must be accepted so long as it is not obviously wrong.'" *N.L.R.B. v. Champagne Drywall, Inc.,* 502 F. Supp. 2d 179, 182 (D. Mass. 2007) (quoting *N.L.R.B. v. Am. Med. Response, Inc.,* 438 F.3d at 193 (citing *In re McVane,* 44 F.3d 1127, 1136 (2d Cir. 1995))). *See also Resolution Trust Corp. v. Walde,* 18 F.3d 943, 946 (D.C. Cir. 1994) (finding a court should defer to an agency's relevance determination so long as it is not obviously wrong). Here, the subpoena seeks documents relevant to the Secretary's investigation of Respondent's compliance with the FLSA, and to determine liability for any non-compliance. WHD requests payroll records, timecards, and tax forms in order to determine compliance with the minimum wage, overtime, and recordkeeping provisions of the FLSA. Ex. A-l.

**C.    The Demand Is Not Indefinite.**

The documents requested by the WHD are specific business records that businesses regularly keep and maintain and are required to keep and maintain and are limited to the period dating back not more than three years from the start of the WHD

investigation. *See* 29 U.S.C. § 211; 29 C.F.R. § 516.2 (requiring an employer "maintain and preserve payroll or other records containing" employees' full names, addresses, work schedules, hourly rates of pay, and hours worked); *id.* § 516.5 (requiring the preservation of certain records for three years); *id.* § 516.6 (requiring the preservation of certain records for two years); *id.* § 516.7 (requiring records "be available for inspection and transcription by the [Wage and Hour] Administrator or a duly authorized and designated representative"). Thus, the documents requested are not too indefinite to be produced by Respondent.

## CONCLUSION

The subpoena *duces tecum* issued to Respondent seeks specific documents reasonably related to the WHD's investigation of the employment and pay practices of Respondent and was properly issued and served by the WHD. The Secretary respectfully requests the Court grant the Secretary's Petition for an Order compelling Respondent to fully comply with the subpoena within 10 days of the date of the Order. The Secretary further requests the Court direct the U.S. Marshals Service to effect service upon the Respondent. The Secretary further requests an Order tolling the statute of limitations from September 30, 2021, the date Respondent first failed to comply with the Secretary's subpoenas *duces tecum*, until such date as the Secretary informs the Court that Respondent has complied in full. Finally, the Secretary requests this Court issue an order directing Respondent to pay all costs and expenses incurred by the Secretary in this matter.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/Emelda Medrano
**EMELDA MEDRANO**
Attorney
Attorneys for the Secretary

Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn St., Rm. 844
Chicago, Illinois 60604
Tel. No.: (312) 353-1169

14